UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED FINANCIAL CASUALTY CO.,

                              Plaintiff,

- against -

KNOCK OUT TRANSPORTATION LLC, *et al.*,

                              Defendants.
-----------------------------------------------------------------x

ORDER ON MOTION FOR
**DEFAULT JUDGMENT**

16-cv-5579 (NG) (SJB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 16 2017 ★
BROOKLYN OFFICE

GERSHON, United States District Judge:

Plaintiff United Financial Casualty Company ("United") has moved for the entry of a default judgment against all defendants—Knock Out Transportation LLC ("Knock Out"); Terrance Davis ("Davis"); Randy Milligan ("Milligan"); H&H Logistics LLC ("H&H"); and Jermaine Walls ("Walls").[1] Plaintiff seeks a declaratory judgment that it has no obligation to defend or indemnify defendants as to any liability for damages arising from a car accident that occurred on January 14, 2016 (the "Accident"). The Clerk of Court issued a certificate of default on March 28, 2017, and plaintiff moved for entry of default judgment on May 26, 2017. I have reviewed the complaint, the motion for a default judgment, the declaration of Laurence Rabinovich, and the accompanying exhibits to the declaration. Defendants have not opposed the entry of default judgment despite having been served with the complaint and plaintiff's motion papers. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

---

[1] Plaintiff is incorporated in Ohio. Knock Out, Davis, Milligan, H&H, and Walls are citizens of/incorporated in either New York or New Jersey. Accordingly, complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

I.  **Facts**

Plaintiff's complaint alleges that the Accident occurred in Brooklyn, New York on January 14, 2016 at 1:26 p.m. when a motor vehicle operated by Walls collided with a tractor-trailer operated by Milligan. Plaintiff had issued a commercial automobile insurance policy to Knock Out, which was in effect at all times relevant to the present action. The tractor-trailer was not on this policy. At 1:46 p.m. on January 14 (approximately 20 minutes after the Accident), Davis, a principal of Knock Out, called plaintiff to add the tractor-trailer to the insurance policy, which plaintiff did. Subsequent to the Accident, Walls commenced an action in New York state court against Knock Out, Davis, Milligan, and H&H (the "Underlying Action").

Plaintiff seeks two declaratory judgments. First, that it is not obligated to defend or indemnify any person against any liability arising from the Accident. Second, that the "MCS-90 endorsement attached to the Progressive policy has no applicability to the loss, and could not be triggered by any judgment arising out of the Accident." Compl. at ¶ 22. It also seeks its costs and attorneys' fees in bringing this suit.

II.  **Discussion**

Generally, in evaluating a motion for a default judgment, a court considers whether a party has established liability by accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-defaulting party. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, as to damages, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Jacobson v. Empire Elec. Contractors, Inc.*, 339 Fed. Appx. 51, 53 (2d Cir. 2009).

However, the issues of liability and relief are intertwined in insurance cases where a plaintiff is seeking a declaratory judgment. *See Continental Ins. Co. v. Huff Enter. Inc.*, 2009 WL

3756630, at *5 (E.D.N.Y. Nov. 6, 2009). Courts have discretion to afford declaratory relief following a default. *Id.* at *3. However, to enter a declaratory judgment, there must be "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). To determine whether such a controversy exists, the Second Circuit has "instructed district courts to ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). In this case, "a declaration that Plaintiff has no duty to defend or indemnify the Defendants will settle an outstanding legal issue, the question of existing duty." *Narragansett Bay Ins. Co. v. Battaglia*, 2016 WL 7322518, at *3 (E.D.N.Y. Nov. 28, 2016), adopted by 2016 WL 7324083 (E.D.N.Y. Dec. 15, 2016). *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) (holding that a controversy exists when an insurer seeks a declaratory judgment that it need not defend or indemnify an insured).

Evaluation of whether an insurance company is entitled to a judgment declaring that it need not indemnify a claim usually requires the court to consider the insurance contract at issue because "before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation." *Scottsdale Ins. Co. v. LCB Const. LLC*, 2012 WL 1038829, at *3 (E.D.N.Y. Feb. 14, 2012) (internal quotation omitted), adopted by 2012 WL 1041455 (E.D.N.Y. Mar. 28, 2012).

In this case, though plaintiff does not provide the contract at issue, the Rabinovich declaration is sufficient to establish that plaintiff is entitled to the declaratory relief it seeks. Plaintiff is not claiming that a certain contractual provision operates to exempt the claim at issue

from coverage such that I need to interpret the contract. Rather, plaintiff claims that the automobile at issue was not covered at the time of the Accident. The allegations in the complaint and in Rabinovich's declaration to that effect are sufficient to establish that plaintiff is not liable for any claim arising from the Accident or the Underlying Action. Accordingly, a default judgment in favor of plaintiff is warranted insofar as plaintiff seeks a declaratory judgment that it has no obligation to defend or indemnify any person or entity against any liability arising from the Accident or Underlying Action.

However, as to plaintiff's "second count for declaratory judgment," Compl. at ¶¶ 21, 22, plaintiff provides insufficient information for me to evaluate whether that relief is warranted. Plaintiff seeks a declaration that "the MCS-90 endorsement attached to the Progressive policy has no applicability to the loss, and could not be triggered by any judgment arising out of the Accident." *Id.* Plaintiff does not explain or otherwise refer to this "MCS-90 endorsement" elsewhere in the complaint or the Rabinovich declaration. Without any understanding of what this document is, I cannot grant plaintiff a declaratory judgment as to whether the Accident can trigger any obligations pursuant to this document.

As to plaintiff's request in its complaint for costs and attorneys' fees, the Rabinovich declaration provides no information as to plaintiff's expenditures. Moreover, plaintiff provides no legal basis for "circumventing the traditional American Rule against awarding attorney's fees." *Narragansett Bay Ins. Co.*, 2016 WL 7322518, at * 4 (E.D.N.Y. Nov. 28, 2016). Therefore, plaintiff is not entitled to this relief.

### III. Conclusion

Plaintiff's requested relief is granted insofar as it seeks a declaratory judgment that it has no obligation to defend or indemnify any person or entity against any liability for damages arising

from the Accident or the Underlying Action. As to a declaratory judgment regarding the MCS-90 endorsement, I deny plaintiff's request without prejudice. If plaintiff wishes to supplement the record and renew its request for a default judgment as to the MCS-90 endorsement, it must do so by December 7, 2017. If plaintiff fails to do so, then its motion for a default judgment as to the MCS-90 endorsement will be denied.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: November 15, 2017
      Brooklyn, New York